Mr. Justice Cox
delivered the opinion of the Court:
This is an action of debt brought in this court upon a judgment rendered in the circuit court of Nelson County, Virginia, for $1,166.66, with interest from July 13th, 1868, with costs. It appears that on the 26th day of October, 1869, one month after the rendition of the judgment, a writ of fieri facias was issued, and in January, 1870, this writ was returned nulla bona. There were no further proceedings in Virginia upon this judgment until June 20th, 1887, seventeen years after the issuance of the first writ of fieri facias, when another writ of fieri facias was issued which was returned nulla bona in the following September. On January 14th, 1888, less than, a year after this last return, the present suit was brought in this court which is an action of debt.
The defendant filed 'seven pleas. Issue was joined on three of them. They are: First, that he is not indebted as alleged; second, that there is no such record as alleged in the plaintiff’s declaration, and, fifth, that the cause of action did pot accrue within twelve years previous to the institution of this suit.
The other pleas are somewhat voluminous, but they are only variations of the plea of the Statute of Limitations; that is, the act of the Assembly of Maryland of 1715, which provides: “That no bill, bond, judgment, recognizance, statute merchant, or of the staple, or other specialty whatsoever, &c., shall be good and pleadable or admitted in evidence against any person or persons of this province after, &c., the debt or thing in action is above twelve years’ standing.” These pleas were demurred to and the demurrer was sustained.
A jury was impanelled to try the issue joined on the other pleas. At the time of the trial this judgment was offered in evidence and objected to upon the ground that it was no longer good or pleadable within the statute. The objection was overruled and the judgment was admitted in evidence. Then, at the close of the plaintiff’s case, the defend *599 ants objected upon the same ground, and asked for an instruction that the jury should find for the defendant, which was refused. Finally, the defendant asked a long instruction, which embodied the twhole history of the case and is intended to cover all the points that could be made, and which is as follows: ¶
“If the jury believe from the evidence that on the 28th day of September, A. D. 1869, A. Waddill, for the benefit of Ed. D. Christian, recovered a judgment against William D. Cabell in a certain cause in the circuit court of Nelson County, in the State of Virginia, for the sum of $1,166.66, with interest thereon from, the 13th day of July, 1868, till paid, and costs of said suit; and if the jury further believe from the evidence that on the 26th day of October, A. D. 1869, upon said judgment in said cause a writ of fieri facias was issued by the clerk of said court to the sergeant of the city of Lynchburg, returnable on the first Monday of January, A. D. 1870, and that said writ of fieri facias, on November 11, 1869, came to the hands of a certain George H. Burch, sergeant of said city of Lynchburg, and that thereafter a certain- C. Clark, deputy sergeant for said George D. Burch, sergeant, returned said writ of fierifacias ‘ no effects/ and that said writ was so endorsed; and if the jury further believe from the evidence that thereafter, on the 20th day of June, A. D. 1887, upon said judgment in said cause another writ of fien facias was issued by the clerk of said court to the sheriff of Nelson County, returnable on the first Monday in September, A. D. 1887, and that said latter writ of fieri facias, on June 20, A. D. 1887, came to the hands of a certain M. K. Estes, sheriff of said Nelson County, who thereafter returned the same ‘no effects/ and that said writ offieri facias was so endorsed; and if the jury further believe from’the evidence that there has been no credit entered upon said judgment nor any partial payment made on account thereof since its rendition, and that there has been no new promise to pay the same nor any part thereof, nor any acknowledgment thereof or of any liability on account thereof *600 since its rendition; and if the jury further believe from the evidence that no writ of scire facias ever was issued upon said judgment and that no writ or writs of fieri facias ever issued upon said judgment and no return or returns ever were made upon any such writ, with the exception of the two writs of fieri facias and the returns thereon above mentioned or referred to; and if the jury further believe from the evidence that much more than twelve years have elapsed since the rendition of said judgment and that much more than twelve' years elapsed between the return of said writ of fieri facias and the issuing of said second writ of fieri facias, without any continuances being entered or any step or proceeding whatsoever being had or taken upon said judgment or in said cause between the return of said first writ of fieri facias and the issuing of said second writ of fieri facias, and that the issuing of said two writs of fieri facias upon said judgment and the return of each of said writs, as above mentioned, constitute the only steps or proceedings in said cause since the rendition of said judgment, then the jury are instructed'that if they so believe from the evidence, the plaintiff’s cause of action is barred by the statute of limitations, which has been pleaded, and that they must find a verdict for the defendant.”
This instruction was refused, and thereupon the court instructed the jury that upon the evidence the plaintiff was entitled to recover, to which an exception was taken.
So that it will be seen, that ip. various forms, but one single question is presented in this record, and that is, whether this action upon a Virginia judgment, recovered in 1869, is barred by our statute of limitations.
It may be well first to consider the operation of that statute in reference to domestic judgments. We all know that when a judgment is recovered it constitutes a new cause of action on which there are three remedies; one, an execution; another, a writ of scire facias, if execution is delayed, which results in a new judgment; and the third, an action of debt, which also results in a new judgment. It is perfectly *601 clear that an action of debt could not be maintained upon a judgment here after it had been of twelve years’ standing.
In the case of Mullikin vs. Duvall, 7th G. & J., 355, it was decided that a judgment cannot be revived by scire facias after a lapse of twelve years, and in that case the twelve years were held to be computable from the date of the judgment without regard to the execution. We know that the English practice was to issue a writ of fieri facias and have it returned nulla bona and then continuances were to be entered up from term to term and a new writ taken out at any time thereafter. That practice is recognized by the circuit court in the case of Digges vs. Eliason, 4th Cranch C. C., 622, and was also recognized by us in the case of Thomson vs. Beveridge, 3 Mack., 170. We held that where more than twelve years had elapsed from the return of the original fieri facias and it was undertaken, without entering up the continuances, to issue a new writ, the plaintiff was as much barred by the lapse of time as he would be to bring an action of 'debt or to issue a scire facias.
In the State of Virginia, the remedies upon a judgment are very much the same as here, but a judgment is allowed a longer life. The statute of Virginia provides that on a judgment, execution may be issued within a year and a scire facias or an action may be brought within ten years after the date of the judgment; and where execution issues within the year, other executions may be issued, or a scire facias or an action may be brought, within ten years from the return day of an execution on which there is no return by an officer, or within twenty years from the return day of an execution on which there is such return.
Of course, in this District, there can be no’ proceeding upon a foreign judgment other than an action of debt, and that action accrues when the judgment is rendered. It is very plain that the statute of limitations, in general terms, applying to bonds, judgments and other specialties, &c., will embrace both foreign and domestic judgments as much as it will embrace specialties executed elsewhere than here; *602 and it is very well settled that any right of action upon a judgment of another State or of another jurisdiction is subject to the law of limitations of this forum, when it is attempted to enforce it here.
That was decided by the Supreme Court very clearly in the case of McElmoyle vs. Cohen, 13 Pet., 312, and Bacon vs. Howard, 20 How., 25, and also, in Maryland, in the case of Duvall vs. Fearson, 18 Md., 504.
A question was made in the case of Digges vs. Eliason, 4 Cranch, C. C., as to the meaning of the words “ twelve years’ standing.” The court there held that it should be interpreted to mean twelve years’ standing without any proceeding towards the enforcement of the judgment. In that case a scire facias had been issued upon the judgment within twelve years from its date and a new judgment rendered; and then within twelve years from that date, but more than twelve, years from the date of the original judgment, a new scire facias was issued, and then the statute of limitations was pleaded. That was the. case to which the court applied the language: “Twelve years’ standing means standing without any proceeding towards enforcing payment.” But there the action was upon a new judgment and, of course, any proceeding upon that judgment was lawful within twelve years from its date. The language of the court, however, was comprehensive enough to embrace the case of a fieri facias issued and returned nulla bona, * as the last proceeding to enforce the judgment, and assuming that to be the case, in the case of Thomson vs. Beveridge, as I have already stated, we held that there could be no further proceeding by way of entering up continuances and issuing a new fieri facias after twelve years from the date of the last proceeding.
There could be no such proceeding, of course, upon a foreign judgment. There is only one proceeding, and that *603 is an action of debt. I think it is, at least, doubtful whether any proceeding upon a foreign judgment, in another jurisdiction, has any ¡effect at all in staying the operation of our statute of limitations, because the action of debt upon that judgment here accrues at the moment it is rendered; but still it is not necessary to decide that question in this case. Here the judgment was rendered in September, 1869, and the original fieri facias was returned in January, 1870. Taking the view most favorable to the plaintiff, and computing the twelve years from the date of the last proceeding, January, 1870, then in 1882, action upon that judgment would be barred by the statute of limitations here. That must be plain, unless there is something in the contention of the defendant that the subsequent execution issued in 1887, seventeen years after the return of the original fieri facias, had some effect in the way of reviving the judgment.
He invokes the constitutional provision, that full faith and credit shall be given in each State to the_ public acts, records and judicial proceedings of every other State, and the Congress may by general laws prescribe the manner in which such' acts, records and proceedings shall be proved and the effect thereof; and also the subsequent enactment by Congress, to the effect that the records and judicial proceedings of the courts of any State shall be proved or 'admitted in any other court within the United States in the way designated, and the said records and judicial proceedings authenticated as aforesaid shall have such faith and credit given to them in every court within the United States, as they have by law or usage in ‘the courts of the State from whence the said records are or shall be taken. (Act of May 26, 1790, 1st U. S. Statutes at Large, 122.)
The meaning of that is perfectly well settled by the decision of the Supreme Court of the United States in the case of McElmoyle vs. Cohen, supra. It means that judgments shall have such faith and credit given to them elsewhere as in the State where they are rendered, simply as evidence and as the final determination of the controversy between the par *604 ties; that is to say, if the judgment is conclusive evidence as between the parties in the State where it is rendered, it is conclusive everywhere; and if prima facie only in the State where it is rendered, it is only prima facie elsewhere. It is not a judgment in another jurisdiction for any other purpose. It is not a lien upon property and no execution can be issued upon it until it is reduced to a new judgment by an action of debt. An execution issued on that judgment in the jurisdiction where it is rendered is not a judicial determination of anything, and it is not an act about which full faith and credit can be predicated. It has no effect except to create a lien upon the property of the defendant, ¡and can have no effect in another jurisdiction. So that the language of the Constitution and the language of the act of Congress above referred to can have no application to a mere execution issued upon a judgment in. another State, as giving it any validity or credit elsewhere. An. execution in no sense revives the judgment. It is, after all, merely the act ,of the plaintiff himself, an ex parte proceeding, and can have no sort of effect in staying our statute of limitations.
In one case in Kansas, it was held that even 4 new judgment on a fiat rendered upon a scire facias would have no effect to revive a judgment against a non-resident, where there had been no personal service upon him. It is unnecessary for us, however, to go into that question. We simply say that on such a judgment an execution has no effect whatever and that the judgment, as we understand it, was barred as far back as 1882, by our statute of limitations. There was, therefore, error in rejecting the instruction prayed on behalf of the defendant in this record and directing a verdict to be rendered for the plaintiff.

The judgment is therefore set aside.