## MARROW v. BRINKLEY.

ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF
VIRGINIA.

No. 1262.  Submitted January 7, 1889. — Decided January 21, 1889.

It being plain that the decision in the court below, adverse to the plaintiffs
in error, was made upon the principles of laches and estoppel, and that
there was no decision against a right, title, privilege or immunity, claimed
under the Constitution, or any statute of, or authority exercised under,
the United States, no Federal question is involved, and this court is
without jurisdiction.

If the highest court of a State, proceeding upon the principles of general
law only, errs in the rendition of a judgment or decree affecting property,
this does not deprive the party to the suit of his property without due
process of law.

MOTION TO DISMISS.  The case is stated in the opinion.

*Mr. Alfred P. Thom, Mr. Thomas Tabb* and *Mr. Richard Walke* for the motion.

*Mr. W. H. Burrows* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

In 1870 certain suits were pending in the Circuit Court of the county of Elizabeth City, Virginia, brought by judgment creditors of one Parker West to subject his lands to the satis-faction of their judgments, under the provisions of c. 182 of the code of 1873, authorizing a sale of the judgment debtor's lands when it appeared that the rents and profits for five years would be insufficient to discharge the liens against them. These causes were consolidated, and proceeded to decree in September, 1870, for an account of all the real estate of said West, its annual value, and the liens thereon, under which a report was made by a commissioner showing the judgments against West and the lands belonging to him and their annual and fee-simple

value, and that the rents and profits would not satisfy the liens in five years, which report was confirmed by decree entered May 4, 1871, which also appointed special commissioners to sell said lands, including "all the interest of Parker West in that certain tract of land known as 'Newport News,' containing 300 acres," etc. This land had been sold June 30, 1864, upon proceedings against West under the confiscation act of July 17, 1862, and a deed had been executed and delivered to the purchasers February 15, 1865. No such proceedings had taken place in reference to other lands of West involved in the litigation, and one of the judgments counted on had been recovered as early as 1861. West died in December, 1871, and on the 4th of May, 1872, the following decree was entered in said consolidated cause:

"The death of Parker West being suggested, on the motion of William P. Marrow and Mary E. his wife, Elizabeth R. West, George B. West, and M. Smith and Missouri, his wife, the said Mary E. Marrow, Elizabeth R. West, G. B. West and Missouri Smith being the heirs at law of the said Parker West, to be made parties defendant to these causes, the said William P. Marrow and M. E. his wife, E. R. West, G. B. West, and M. Smith and Missouri, his wife, are hereby made parties defendant to these causes, with leave to file their answers. This cause then, this day, again came on to be heard on the papers formerly read and on the report of Special Commissioners C. K. Mallory, Thomas Tabb and G. M Peek of the sales made by them under a former decree in these causes, to which report no exceptions have been filed, and was argued by counsel. On consideration whereof the court doth adjudge, order and decree that the said report and the sales reported therein be, and the same are hereby, confirmed."

The sale of a portion of the Newport News land in controversy here was confirmed by that decree, and the sale of the remainder was made thereafter, and reported to the court, and the sale confirmed in October, 1872.

In January, 1886, W. P. Marrow and Mary E. his wife George B. West, and Missouri Smith filed their bill of complaint in the state Circuit Court, seeking to set aside the

decrees of May 4, 1871, and May 4, 1872, and the deeds which
had been made to purchasers of lands thereunder; insisting
that West's title had been divested by the confiscation pro-
ceedings, and alleging that they never appeared in said consoli-
dated causes in person, or employed any attorney at law to
represent them, and that no process was ever served upon
them, and charging fraud in the entry of their appearance.

Upon the final hearing their bill was dismissed, and they
prosecuted an appeal to the Supreme Court of Appeals of
Virginia, which court affirmed the decree of the court below,
holding that, as between the heirs and the purchasers, the
former were bound by the recitals of the decree of May 4,
1872; and that upon the evidence *aliunde* the record, the heirs
were estopped by laches and by conduct, to claim title as against
the purchasers who were such in good faith for value and with-
out notice.   The complainants filed a petition for rehearing in
the Court of Appeals, in which they stated "that on the 17th
day of May, 1888, in the above-entitled cause a decree was
entered simply affirming the decree of the lower court entered
on the 26th day of October, 1886, dismissing the bill of the
plaintiffs below for reasons stated in the opinion of the court.
The reasons stated are based upon the equitable doctrine of
estoppel *in pais* and innocent purchaser for value, without
notice, the language of the opinion upon these points being as
follows: (*a*) 'Having kept a sinister silence when they should
have spoken with candor and courage, equity now closes her
door and leaves them to obtain from a court of law what they
can.' (*b*) 'That as against an innocent purchaser for value,'
without notice, a court of equity is without jurisdiction, and
will refuse to give any assistance whatever, leaving the party
to enforce his technical rights at law.' "   The rehearing was
denied, and the writ of error sued out of this court, a motion
to dismiss which is now before us.   In the petition for the
allowance of this writ it is said that the final judgment of the
Court of Appeals against plaintiffs in error was rendered in a
suit "wherein was drawn in question a right, title, privilege
and immunity to real estate arising upon the construction of
the act of Congress of the United States approved July 17,

1862, entitled 'An act to suppress insurrection, to punish treason and rebellion, to seize and confiscate the property of rebels, and for other purposes,' and the joint resolution passed concurrently therewith, and the decision is against the right, title, privilege and immunity claimed under the said statute."

We do not so understand this record. Conceding that West's title to the particular lands had been divested by the sale under the confiscation proceedings, and that the interest of the heirs remained unaffected thereby, yet, if they were concluded under the circumstances by the decree of May, 1872, or upon the principles of estoppel and laches, that disposed of their case adversely to them; and it was upon these grounds that the Virginia courts proceeded, and not upon any decision against a right, title, privilege and immunity claimed under the Constitution or any statute of, or authority exercised under, the United States. It was only if the decision had been otherwise upon these points that any question could have arisen as to the validity of the confiscation act and resolution and the proceedings thereunder.

Unless it appears affirmatively that the decision of a Federal question was necessary to the determination of the cause, and that it was actually decided, or that the judgment as rendered could not have been given without deciding it, this court has no jurisdiction of a writ of error to a state court. In this case the judgment as rendered involved the decision of no such question, and none such was actually decided.

Nor can jurisdiction be retained upon the suggestion, made for the first time in this court, that if the Court of Appeals, proceeding upon the principles of general law only, were found to have erred in the rendition of its decree, the State of Virginia had thereby deprived the plaintiffs in error of their property without due process.

*The writ of error is dismissed.*