KRYGER *v.* WILSON ET AL., ADMINISTRATORS.[1]

ERROR TO THE SUPREME COURT OF THE STATE OF NORTH DAKOTA.

No. 99. Submitted November 13, 1916.—Decided December 4, 1916.

Whether the cancellation of a land contract is governed by the law of the *situs* or the law of the place of making and performance is a question of local common law with which this court is not concerned in a case coming from a state tribunal.

In a suit in a state court to quiet title to land within its jurisdiction, a resident of another State voluntarily appeared and, as defendant and counterclaimant, asserted his right to possession and control of the land under a contract of sale. The court adjudged that his rights under the contract were gone as the result of statutory pro-

---

[1] The title of this case, as originally docketed, was "*Henry H. Kryger, plaintiff in error,* v. *Edward H. Wilson.*" On October 9, 1916, the death of Edward H. Wilson was suggested and the appearance of Ida S. Wilson and J. E. Davis, administrators, as the parties defendant in error, was filed and entered.

ceedings for forfeiture and cancellation taken pursuant to the *lex loci rei sitæ*. *Held*, that, whether the court was right or wrong in upholding the cancellation proceeding as applied to the contract, there was no denial of due process of law, since due process was afforded in the suit to quiet title itself. *Selover, Bates & Co.* v. *Walsh*, 226 U. S. 112, distinguished.

Such proceedings as are required by Minnesota Revised Statutes, 1905, § 4442, and North Dakota Revised Code of Civil Procedure, 1905, ch. 30, Art. 3, pars. 7494–7497, in order to enable a vendor to cancel and avoid a contract for a default of the vendee, are not judicial proceedings but merely statutory conditions upon the right of cancellation, and hence the absence of notice does not involve a denial of due process.

No federal question arises under the contract clause from the impairment of a contractual obligation by judicial decision alone.

29 N. Dak. 28, affirmed.

THE case is stated in the opinion.

*Mr. O. E. Holman* and *Mr. William W. Fry* for plaintiff in error:

A contract for the sale of real estate must be canceled according to the law of and in the State where it was made, where all the parties to it reside, and where it is to be performed. *Finnes* v. *Selover*, 102 Minnesota, 334; *Walsh* v. *Selover, Bates & Co.*, 109 Minnesota, 136; and the latter case in this court, *Selover, Bates & Co.* v. *Walsh*, 226 U. S. 112. The contract in the *Walsh Case* was by no means as clearly a Minnesota contract as is the contract in the case at bar.

The contract involves rights irrespective of the location of the land. It does not itself convey the land, being simply an agreement that upon payment a conveyance will be made. The form of conveyance would have to suit the *lex sitæ*, but the Minnesota courts, if they had jurisdiction of the vendor, could compel a conveyance in that form. See *Polson* v. *Stewart*, 167 Massachusetts, 211.

The process by which the obligation of a contract is

. canceled is not remedial merely; it goes to the substance. *Scudder* v. *Union National Bank*, 91 U. S. 406; *True* v. *Northern Pacific Railway*, 126 Minnesota, 72. This, being a Minnesota contract, could be canceled only by complying with the Minnesota law. The attempt in North Dakota was void. Kryger's vested right could not be disturbed without due process. The constitutional inhibition applies to every form of proceeding, legislative, judicial and executive. Kryger had no notice of the cancellation proceeding, or anything approaching notice. If the contract is canceled at all it must be canceled as a whole, and this can only be done as provided by the Minnesota law.

In the suit to quiet title the court should have decreed the title as it found it and stopped; it should not have proceeded to determine the liability of Kryger's vendor.

The decision is an impairment of the obligation of the contract. *Minnesota ex rel. National Bond & Security Co.* v. *Krahmer*, 105 Minnesota, 422; *Von Hoffman* v. *Quincy*, 4 Wall. 553; Cooley, Const. Lim., 178. It in effect determines that no obligation under it any longer exists. The Minnesota law being part of the contract, fixing its obligations, the Dakota judgment impairs the contract indirectly by reading that law entirely out of it.

*Mr. George S. Grimes* and *Mr. Jesse Van Valkenburg* for defendants in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

This case comes here on writ of error to the Supreme Court of North Dakota to review a decree quieting title in the defendant in error—the plaintiff below—to land situated in that State. The plaintiff in error, a resident of Minnesota, claimed under an executory contract for

the purchase of the land in controversy, and the rights of
the parties turned upon whether this contract was out-
standing or had been duly cancelled.  Both Minnesota,
where the contract was made and to be performed, and
North Dakota, had statutes providing that a vendor in
a contract for the sale of land may not cancel and ter-
minate the same upon default, except after written notice
to the vendee giving him at least thirty days within which
to make good his non-performance.  Minn. R. S., 1905,
§ 4442; N. Dak. Rev. Code, 1905, Chap. 30, Art. 3.  The
material provisions of the latter statute are copied in the
margin.[1]  The vendor in this case (grantor of defendant

---

[1] N. Dak. Rev. Code of Civ. Pro. (1905), Chap. 30, Art. 3:

"Par. 7494.  Owner must give written notice to vendee or purchaser.
No owner of real estate, or owner of any equity therein, [who] shall
hereafter make or execute a contract for deed, bond for deed, or other
instrument for the future conveyance of any such real estate or equity
therein, shall have the right to declare a cancellation, termination or
forfeiture thereof or thereunder, except upon written notice to the
vendee or purchaser, or his assigns, as hereinafter provided; and such
notice shall be given to such vendee or purchaser or his assigns, not-
withstanding any provision or condition in any such instrument to the
contrary.

"Par. 7495.  In case of default.  Contents of notice.  Whenever any
default shall have been made in the terms or conditions of any such
instrument hereinafter made, and the owner or vendor shall desire to
cancel or terminate the same, [he] shall, within a reasonable time after
such default, cause a written notice to be served upon the vendee or
purchaser, or his assigns, stating that such default occurred, and that
said contract will be cancelled or terminated, and shall recite in said
notice the time when said cancellation or termination shall take effect,
which shall not be less than thirty days after the service of such notice.

"Par. 7496.  Notice how served.  Such notice shall be served upon
the vendee or purchaser, or his assigns, in the manner now provided for
the service of summons in the District Court of this state, if such person
to be served resides within the state.  If such vendee or purchaser, or
his assigns, as the case may be, resides without the state or cannot be
found therein, of which fact, the return of the sheriff of the county in
which said real estate is situated, that such person to be served cannot

in error) had given to the sheriff of the county where the land lay a written notice of cancellation to be served upon the plaintiff in error if found within the said county, and upon return of *not found*, caused the same to be published in a county newspaper, and later filed for record affidavits of publication and of non-redemption—all in conformity with the North Dakota statute, if it applied.

When the present action was brought to quiet title, plaintiff in error defended, and asked for counter relief, contending that his contract was still valid and subsisting, as the action prescribed by the Minnesota statute to entitle a vendor to cancel had not been taken. The trial court held that the North Dakota law governed; that under it the contract had been "duly and legally cancelled"; that the plaintiff in error having shown no right in the land, title should be forever quieted in the defendant in error. This decree was affirmed by the Supreme Court on appeal. *Wilson* v. *Kryger*, 29 N. Dak. 28. We are asked to review the case on the ground that the state court deprived the plaintiff in error of property without

be found in his county, shall be *prima facie* evidence, then such notice shall be served by the publication thereof in a weekly newspaper within said county; or, if there is no weekly newspaper within said county, then in a newspaper published at the capital of this state for a period of three successive weeks.

"Par. 7497. Time allowed. Such vendee or purchaser, or his assigns, shall have thirty days after the service of such notice upon him in which to perform the conditions, or comply with the provisions upon which the default shall have occurred; and upon such performance, and upon making such payment, together with the costs of service of such notice, such contract or other instrument shall be reinstated and shall remain in force and effect the same as if no default had occurred therein. No provision in any contract for the purchase of land, or an interest in land, shall be construed to obviate the necessity of giving the aforesaid notice, and no contract shall terminate until such notice is given, any provision in such contract to the contrary notwithstanding."

The provisions of the Minnesota statute are substantially to the same effect.

due process of law and impaired the obligation of his contract, in holding that the cancellation proceeding, of which the plaintiff in error had no actual notice, effectively terminated his rights under the contract.

It is apparent from the above statement that there has been no lack of due process. The court below, having jurisdiction of the suit to quiet title, was called upon to determine the conflicting claims to the land. The plaintiff in error voluntarily appeared and he availed himself of the opportunity to urge his claims to equitable ownership under the contract of sale. The court decided against him, holding the contract no longer outstanding. The most that the plaintiff in error can say is that the state court made a mistaken application of doctrines of the conflict of laws in deciding that the cancellation of a land contract is governed by the law of the *situs* instead of the place of making and performance. But that, being purely a question of local common law, is a matter with which this court is not concerned. *Pennsylvania R. Co.* v. *Hughes*, 191 U. S. 477; *Finney* v. *Guy*, 189 U. S. 335, 346; *Allen* v. *Alleghany Co.*, 196 U. S. 458; *Marrow* v. *Brinkley*, 129 U. S. 178.

The argument of the plaintiff in error is seemingly based upon the erroneous theory that his rights were foreclosed by the cancellation proceeding, which, lacking the requisite notice, deprived him of property without due process. But the action under the cancellation statute was in no sense a judicial proceeding. It was simply a statutory condition with which vendors were required to comply before they could take advantage of a default by the vendee. If the contract properly interpreted or the law properly applied required that this condition be performed in Minnesota, steps taken by him under the North Dakota statute would be ineffective. Whether or not proper proceedings had been taken to secure cancellation could be determined only by a court having

jurisdiction; and the North Dakota court had jurisdiction not only over the land but through the voluntary appearance of plaintiff in error, also over him. His rights have been foreclosed, not by the cancellation proceeding under the statute, but by a due and regular judicial decree which was based upon the finding that a default had occurred, of which the vendor was entitled to take advantage, having complied with the proper law. If the plaintiff in error had not submitted himself to the jurisdiction of the court, the decree could have determined only the title to the land and would have left him free to assert any personal rights he may have had under the contract. But having come into court and specifically asked in his cross bill that he be declared entitled to the "possession and control of the real estate described in the complaint herein under a contract of sale," he cannot now complain if he has been concluded altogether in the premises. The plaintiff in error relies upon *Selover, Bates & Co.* v. *Walsh*, 226 U. S. 112. That was a personal action for breach of contract and not, like the present case, an action merely to determine the title to land; and as the court found on the facts there involved that the proper law as to cancellation had been applied, the case cannot be construed as holding that an erroneous application thereof would raise a question of due process.

The contention based on the contract clause is equally devoid of merit, for there has been no subsequent legislation impairing the obligation of the contract. Impairment by judicial decision does not raise a federal question. *Cross Lake Shooting and Fishing Club* v. *Louisiana*, 224 U. S. 632.

*Judgment affirmed.*