William O. RABOURN, Appellant,

v.

Gladyce E. RABOURN, Appellee.

No. 335.

Supreme Court of Alaska.

Oct. 8, 1963.

Bailey E. Bell and William H. Sanders, Anchorage, for appellant.

Wendell P. Kay, Kay & Miller, Anchorage, William W. Brown, Koenigsberg, Brown and Sinsheimer, Seattle, Wash., for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

More than 3 years after appellant and appellee were divorced, appellant moved to vacate the judgment on the ground that at the time of the divorce he and appellee were not validly married. The motion to vacate was denied and this appeal followed.

Appellant married Christabel Nelson in 1937 and obtained a Mexican divorce from her in 1946. He married appellee in 1952 and they were divorced in 1959. In 1961 he obtained a second divorce from Christabel—this time in the superior court of Alaska.

In 1962 appellant commenced this proceeding to vacate the 1959 divorce and to obtain an annulment of his marriage to appellee. He contends that the Mexican divorce from Christabel was void because he had not established residence in Mexico, and therefore, that there was no true marriage relationship existing between him and appellee which the 1959 divorce could act upon.

Whether the Mexican divorce decree was valid or invalid need not be decided. We hold that appellant, having procured that decree and taken advantage of it by marrying appellee, may not contest its validity in this proceeding.[1]

The doctrine which we apply is not inflexible. In actions where public policy requires a determination of marital status, courts have held that one who has obtained a divorce decree is not prohibited from later asserting its invalidity.[2] But in this case we perceive no public purpose that would be served by vacating the divorce decree between appellant and appellee and annulling their marriage. An adjudication of existing marital status is not called for; because appellant obtained an apparently

1. Rediker v. Rediker, 35 Cal.2d 796, 221 P.2d 1, 6–8, 20 A.L.R.2d 1152 (1950); Unruh v. Industrial Commission, 81 Ariz. 118, 301 P.2d 1029 (1956); Restatement, Conflict of Laws § 112 (1934).

2. In re Tamke's Estate, 32 Wash.2d 927, 204 P.2d 526, 529–531 (1949). See Annots., 122 A.L.R. 1321 (1939); 140 A.L.R. 914 (1942); 153 A.L.R. 941 (1944); 175 A.L.R. 538 (1948).

valid divorce from his first wife, Christabel, in Alaska in 1961, and the relationship between him and appellee which arose out of the marriage they contracted in 1952 was ended by their divorce in 1959.[3] What appellant would accomplish if he were successful in having the divorce vacated would be the nullification of a property settlement agreement which he and appellee entered into while their divorce action was pending and which was incorporated into and made a part of the divorce decree. Under the terms of this agreement, appellant was required to pay appellee the sum of $15,000 at the rate of $200 a month, and the record shows that at the time he filed his motion to vacate he was delinquent in those payments. We refuse to permit appellant to escape his obligation to appellee which he voluntarily incurred.[4]

The order appealed from is affirmed.

3. See Rediker v. Rediker, 35 Cal.2d 796, 221 P.2d 1, 8, 20 A.L.R.2d 1152 (1950); In re Tamke's Estate, 32 Wash.2d 927, 204 P.2d 526, 532 (1949).

4. See Rediker v. Rediker, 35 Cal.2d 796, 221 P.2d 1, 7–8, 20 A.L.R.2d 1152 (1950).