Karl KLEVE, Plaintiff-Appellant,

v.

F. Ernest NEGANGARD a/k/a Ernest F. Negangard, Harry E. Moore, John T. Petro and Fidelity and Deposit Company of Maryland, Defendants-Appellees.

No. 15293.

United States Court of Appeals
Sixth Circuit.

April 11, 1964.

Robert O. Smith, Cincinnati, Ohio, for appellant.

James G. Headley, Cincinnati, Ohio, for Fidelity and Deposit Co. of Maryland.

Walter C. Beall, Cincinnati, Ohio, for Ernest F. Negangard.

Before O'SULLIVAN, Circuit Judge, and BOYD and WILSON, District Judges.

PER CURIAM.

This case involves a question of what statute of limitations applied to plaintiff-appellant's asserted cause of action. Plaintiff-appellant, Karl Kleve, was, from June 18 to June 21, 1955, imprisoned in the county jail of Dearborn County, Indiana. Defendant-appellee, Ernest F. Negangard, was that county's sheriff and, we assume, its jailer. Defendant-appellee, Fidelity and Deposit Company of Maryland, was surety on Negangard's public official bond. Arrested by Indiana State Troopers, plaintiff was delivered into the custody of defendant sheriff. No charge was made, and he was released at the end of the above-mentioned period. An answer of defendant sheriff gave an explanation for the arrest and imprisonment of plaintiff, but for our decision it is assumed that the sheriff's conduct amounted to false imprisonment. The instant suit was started on June 17, 1960, in the Court of Common Pleas of Hamilton County, Ohio, service was had in Ohio on the defendants, and the cause was then removed to the United States District Court for the Southern District of Ohio.

Defendants, in separate answers, pleaded the one-year Ohio statute of limitations applicable to actions for false imprisonment, Page's Ohio Revised Code, § 2305.11, and a two-year Indiana statute of limitations applicable to actions for "injuries to person or character," Burns' Indiana Statutes, Anno., § 2–602. Indiana had no limitations statute specifically applying to false imprisonment. The District Court granted defendants' motions for judgment on the pleadings, holding that plaintiff's action was barred under both the Indiana two-year statute and the Ohio one-year statute.

Plaintiff sought escape from the foregoing by asserting that his cause of action was not exclusively one for false imprisonment, but was also for damage to his character and good reputation, for loss of business and profit, for mental anguish, disgrace and physical suffering, and for violation of his constitutional rights. These charges, in

**76**

our view, are merely descriptive of the damages that resulted from the tort of false imprisonment. Plaintiff also insists that the only statute of limitations applicable here was an Indiana five-year statute, applicable to "all actions against a sheriff * * * and his sureties on a public bond, growing out of a liability incurred by doing an act in an official capacity * * *." Burns' Indiana Statutes, Anno., § 2–602. If such statute was the only applicable one, the action was timely by one day. We are satisfied, however, that the District Judge correctly ruled that the action was barred by the Ohio one-year limitation on actions for false imprisonment. Such was the only tort described by plaintiff's complaint.

■ This was a diversity case. Subject to constitutional limitations, the conflict of laws rule of the forum state controls as to whether questions involving limitations of actions are procedural or substantive. Wells v. Simonds Abrasive Co., 345 U.S. 514, 516, 73 S.Ct. 856, 97 L.Ed. 1211; Kryger v. Wilson, 242 U.S. 171, 37 S.Ct. 34, 61 L.Ed. 229. Ohio holds that limitations questions relate to remedy and that the law of the forum state controls. Kerper v. Wood, 48 Ohio St. 613, 29 N.E. 501, 15 L.R.A. 656. An exception is found in § 2305.20 of the Ohio Revised Code, which provides that if the state wherein a cause of action arises has a shorter period of limitations than Ohio, applicable to such cause of action, the lex loci will control. Such, however, does not apply here because the Ohio statute has the shorter period.

■ Appellant seeks to avoid the bar of the Ohio law by asserting that his cause of action was created by the same Indiana statute which fixed the limitation on its assertion. He says that his cause of action against the defendant sheriff and the latter's surety arises from the Indiana statute which prescribes a five-year limitation on "all actions against a sheriff * * * and his sureties on a public bond." Aside from our view that plaintiff's action for false imprisonment was not a creature of such

Indiana statute, it would still be subject to the one-year Ohio statute and Ohio's conflict of laws rule, Wells v. Simonds Abrasive Co., supra.

The plaintiff's cause of action was barred by the one-year limitation provided by § 2305.11, Ohio Revised Code.

Judgment affirmed.