493 P.2d 381 (1971)
Deanna Jeanice OAKLEY, Plaintiff-Appellant,
v.
Sidney Arthur OAKLEY, Defendant-Appellee.
No. 70-406.
Colorado Court of Appeals, Div. II.
December 7, 1971.
Rehearing Denied January 4, 1972.
Certiorari Granted February 14, 1972.
*382 Robert B. Bailey, John A. Wilson, Lakewood, for plaintiff-appellant.
William J. Madden, Denver, for defendant-appellee.
Selected for Official Publication.
DUFFORD, Judge.
Plaintiff-appellant, Deanna Oakley, instituted this action, seeking a decree of divorce from defendant-appellee, Sidney Oakley, to whom she alleged she was married. In answer to her complaint, the defendant denied the validity of his marriage to the plaintiff. The issue of whether these parties were husband and wife was thereafter heard by the trial court, and the court ultimately ruled that the parties were not legally married. The trial court also ruled that it did not have jurisdiction over the matter, dismissed the action, and also denied the plaintiff's subsequently filed motions for attorney's fees and a new trial. All of these rulings are under challenge in this appeal.

I.
At the hearing upon which the trial court based its ruling as to lack of jurisdiction, it was established that plaintiff and defendant entered into an express contract of marriage in Colorado solemnized by a marriage ceremony on May 17, 1964. However, there was also placed in evidence a decree dated November 29, 1962, entered by a California Superior Court, which decree granted a judgment of separate maintenance to one Verna Mae Oakley as the wife of Sidney Oakley, the same defendant who is a party to this case. It was the defendant's contention that this decree evidenced a marriage relationship between him and Vernon Mae Oakley that remained in force at the time of his marriage to the plaintiff. Evidence was also introduced at the hearing which established that in May of 1964 Sidney Oakley traveled to Mexico, executed a certificate as to his residency in that country, submitted himself to the jurisdiction of the Mexican court, and secured a decree of divorce from that court dated May 2, 1964, which decree, on its face, appeared to dissolve his marriage to Verna Mae Oakley. Defendant asserted that this Mexican decree was invalid because his certificate of residency was untrue and that, accordingly, the Mexican court had no jurisdiction to enter that decree.
Following the hearing, the trial court concluded that the California decree confirmed the existence of his marriage to Verna Mae; that the defendant's Mexican decree of divorce from Verna Mae Oakley was invalid; and that, accordingly, his second marriage to plaintiff was void. It was for these reasons that the trial court denied itself jurisdiction and dismissed plaintiff's action. This was an incorrect application of the law.
In this action, which involves only the defendant, his second wife, and the issue of their marriage, the defendant should not have been permitted to impeach and deny the validity of his Mexican divorce decree for the purpose of invalidating his second marriage contract. To permit him to do so has the effect of extending him judicial assistance in furthering the use of the perjury and fraud which he practiced upon the court which granted the decree of divorce. Public policy compels that, in such circumstances, he be estopped from asserting the invalidity of that decree. Arthur v. Israel, 15 Colo. 147, 25 P. 81, writ of error dismissed, 152 U.S. 355, 14 S.Ct. 583, 38 L.Ed. 474. In the present case, it is immaterial that the divorce decree which is involved was entered by a court of a foreign country. As to the parties in this action, the trial court should have viewed the defendant's Mexican divorce *383 decree as valid. Rabourn v. Rabourn, 385 P.2d 581 (Alaska); Unruh v. Industrial Commission, 81 Ariz. 118, 301 P.2d 1029; Mattos v. Correia, 274 Cal. App.2d 413, 79 Cal.Rptr. 229. It ought to have ruled that the marriage contract between plaintiff and defendant was proved and proved valid. Shreyer v. Shreyer, 113 Colo. 219, 155 P.2d 990; Boze v. Boze, 96 Colo. 309, 42 P.2d 470. It was, therefore, error for the trial court to deny itself jurisdiction.

II.
Concerning the court's denial of plaintiff's motion for attorney's fees, this ruling was based upon the court's earlier ruling that it lacked jurisdiction over this action. That not being the case, the trial court must, upon remand of this case, consider the motion on its merits if the motion is reasserted.
The judgment and ruling appealed from are reversed, and this cause is remanded with directions that the trial court reinstate plaintiff's complaint and conduct further proceedings on a basis consistent with the views expressed herein.
COYTE and DWYER, JJ., concur.