DART INDUSTRIES, INC., Plaintiff,

v.

ADELL PLASTICS, INC., Defendant and Third Party Plaintiff,

v.

VISTRON CORPORATION, Third Party Defendant.

No. EV 79–17–C.

United States District Court,
S. D. Indiana,
Evansville Division.

Oct. 31, 1980.

Ronald E. Elberger, Indianapolis, Ind., Frank A. Shepherd, Miami, Fla., for plaintiff.

William E. Spatham, Stephen H. Thomas, Gaylon Clark, Evansville, Ind., for defendant and third party plaintiff.

Robert H. Hahn, Evansville, Ind., for third party defendant.

MEMORANDUM ENTRY

BROOKS, District Judge.

The allegations of the amended complaint state that in April of 1974 Plaintiff, a Delaware Corporation, placed an order with Defendant, an Indiana Corporation, for the purchase of a certain quantity of a plastic pellet material. Plaintiff used this plastic material to produce a product which was sold to Safe-T-Lawn, Inc. Safe-T-Lawn, Inc., had problems with this product and brought suit against Plaintiff in October of 1976 in the Circuit Court for the Eleventh Judicial Circuit in and for Dade County Florida. This suit was settled in February of 1978. Plaintiff filed its complaint herein on February 1, 1979, and subsequently was granted leave to amend said complaint on April 18, 1980. The amended complaint alleges that the plastic pellet material sold by Defendant to Plaintiff did not conform

to the contractual specifications; consequently, Plaintiff asserts that the Defendant is liable to it for the damages paid to Safe-T-Lawn, Inc., pursuant to the settlement agreement.

Counts III, IV, and V of Plaintiff's amended complaint are in issue pursuant to the motion being discussed herein. Count III alleges a material breach of the sales agreement; Count IV alleges a breach of an implied warranty of merchantability; and Count V alleges a breach of an express warranty. The Defendant simply claims that these Counts of the amended complaint should be dismissed because such causes of action are barred by the applicable Indiana statute of limitations.

I.C. 26–1–2–725 provides in relevant part: Statute of Limitations in Contracts for Sale.

(1) An action for breach of any contract for for sale must be commenced within four (4) years after the cause of action occurred. By the original agreement the parties may reduce the period of limitation to not less than one (1) year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when it is or should have been discovered.

The Indiana statute governing territorial application of the U.C.C., I.C. 26–1–1–105 provides in pertinent part:

Sec. 105. (1) Except as provided hereafter in this section, when a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of the state or of such other state or nation shall govern their rights and duties. Failing such agreement this Act applies to transactions bearing on appropriate relation to this state.

The Plaintiff has argued that while there is no agreement as to what state law will control, the law of Florida, including its statute of limitations is controlling as Florida has the most significant relationship to the transaction in issue. The Court finds this argument to be without merit.

The states have the right to adopt such rules of conflict of laws as they choose. *Wells, Administratrix v. Simonds Abrasive Co.*, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1953); *Kryger v. Wilson*, 242 U.S. 171, 37 S.Ct. 34, 61 L.Ed. 229 (1916). Furthermore, applying the statute of limitations of the forum to a foreign substantive right is not a denial of full faith and credit. *Wells, Administratrix v. Simonds Abrasive Co., supra; See, Order of Commercial Traveler of America v. Wolfe*, 331 U.S. 586, 67 S.Ct. 1355, 91 L.Ed. 1687 (1947). The Courts in Indiana have adopted as their conflict of law rule, that a statute of limitations is a procedural matter; consequently, Indiana's statutes of limitation should be applied when an Indiana court is the forum. *Albrecht v. Indiana Harbor Belt R. Co.*, 178 F.2d 577 (7th Cir. 1949); *Horvath v. Davidson*, 148 Ind.App. 203, 264 N.E.2d 328 (1970). Furthermore, even assuming a statute of limitations is substantive and should be applied in accordance with traditional principles on conflicts of law, Florida law should not be applied herein. The intimate contacts to the 1974 transaction all occurred in Indiana. The contract was entered into in Indiana, the plastic produced in Indiana, and delivery of the goods was in Indiana. There was absolutely no connection or contact with the State of Florida. The fact that the Plaintiff herein was sued in Florida based on a different transaction is irrelevant to the choice of law question presented herein. Also, even assuming the Florida action has some relevance to this cause, Indiana's U.C.C. conflict of law statute, I.C. 26–1–1–105, requires that this Court apply Indiana law. I.C. 26–1–1–105 states Indiana law will apply, when there is no agreement otherwise, if the transaction bears an appropriate relation to the State of Indiana. In the present case there was no agreement

concerning which state law should apply. Also, as stated previously, the contract was entered into in Indiana, the plastic material produced in Indiana, and delivery of the goods was in Indiana. Consequently, the transaction complained of herein bears an appropriate relation to and the most significant relation to Indiana, and Indiana law should be applied.

Since it has been determined that the Indiana statute of limitations should be applied, the next issue is whether such statute bars Plaintiff's causes of action asserted in Counts III, IV, and V. The Plaintiff has asserted that the limitation period should not begin to run until the delivery of the final product to Safe-T-Lawn, Inc. The delivery of the final product took place in April of 1976. The initial complaint herein was filed in February of 1979; consequently, if Plaintiff's assertion is correct, its claim herein was timely filed.

 From the amended complaint and the documents attached thereto it is clear that the contract for sale upon which Plaintiff bases Counts III, IV, and V was made in April of 1974. It is also clear that tender of delivery of the goods was in April or May of 1974. The statute of limitation is clear in mandating that the cause of action for breach of contract and warranties accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. Furthermore, it is clear that breach occurs when tender of delivery is made unless explicitly extended to future performance. *See, Ferdinand Furniture Company, Inc. v. R. M. Anderson*, 399 N.E.2d 799 (2nd DCA Ind.App.1980); *Raymond-Dravo-Langenfelder v. Microdot, Inc.*, 425 F.Supp. 614 (D.C.Del.1976). There has been no assertion by Plaintiff that any warranty has been explicitly extended to future performance; consequently, the time limitation started to run in May of 1974 when tender of delivery was made. The four year limitation period had run then by May of 1978. The initial complaint was not filed until February 1, 1979; therefore, Plaintiff failed to bring the causes of action stated in Counts III, IV, and V within the applicable limitation period and these claims are barred.

Plaintiff has further asserted that a holding by this Court that tender of delivery does not mean tender of delivery of the final product to the ultimate consumer would allow the statute of limitation to commence before the cause of action existed and before a judicial remedy became available. The Court finds the cases cited by Plaintiff in support of the argument to be unpersuasive and finds this argument to be frivolous. The Court is aware of the difficulties in determining conformity with a warranty at the time of delivery; however, the framers of the statute of limitation in question obviously did not regard such difficulties as controlling. A sellers interest in having some clearly defined limit on the period of its potential liability apparently outweighed a buyers interest in an extended warranty unless such an extended warranty was part of a specific bargain. Furthermore, the facts herein show that Plaintiff was made aware of the possibility that the plastic material supplied by Defendants was defective when the lawsuit was filed by Safe-T-Lawn, Inc., in October of 1976. Also, Plaintiff settled the case with Safe-T-Lawn, Inc., in February of 1978. After this length of time Plaintiff should have been aware of its possible contractual claims against the Defendant herein and filed a lawsuit. Plaintiff just failed to file such a lawsuit within the statutory time limitations.