Stegner, Administrator, Appellant, *v.* Fenton.

Argued Dec. 5, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*J. Perry Eckels,* with him *Charles B. Stegner,* for appellant.

*Stuart A. Culbertson,* for appellee.

OPINION BY MR. JUSTICE DREW, January 18, 1945:

This trespass action was brought by the administrator of John Edward Paulich, deceased, who died the same day he sustained fatal injuries in an accident while riding as a guest in an automobile operated by defendant. The parents of decedent previously instituted an action against defendant for the wrongful death, which action is now pending.

The Statement of Claim alleges that this case was brought to recover damages for the personal injuries of the decedent, under the provisions of Section 2 of the

Act of July 2, 1937, P. L. 2755, Vol. II, known as the Survival Act.

The suit was brought after the expiration of one year, but before two years, from the date of the accident and death. Defendant in an Affidavit of Defense raised a question of law that the action was barred by the Statute of Limitations. The learned court below sustained this contention and entered judgment for defendant, and plaintiff appealed.

There is but a single question for our determination, i. e., "Is an action for personal injuries which resulted in death, brought by decedent's personal representative after one year, but before two years from the date of the accident and death, barred by any Statute of Limitations?"

This type of action carried through by a personal representative was assured in Pennsylvania by the Act of 1937, supra, Section 2 of which reads in part as follows: "(b) Executors or administrators shall have power . . . to commence and prosecute all actions . . . and all personal actions which the decedent whom they represent might have commenced and prosecuted . . ." The statute fixes no limitation of time as to personal actions which are brought by executors or administrators. The limitation of one year mentioned subsequently in the same section of the act refers only to rights of action brought *against* executors and administrators. We must, therefore, look elsewhere for an answer to our question.

In construing the "survival" Act of 1937, this Court said, in *Pezzulli v. D'Ambrosia,* 344 Pa. 643, 647, 26 A. 2d 659, that the action brought under this statute "is not a new cause of action at all, but merely continues in his [decedent's] personal representatives the right of action which accrued to the deceased at common law because of the tort; the damages recoverable are measured by the pecuniary loss occasioned to *him,* and therefore to

*his estate,* by the negligent act which caused his death."
In the same case, we also said (pp. 648-9) : "By provid-
ing that executors or administrators may commence and
prosecute all personal actions which the decedent might
have commenced and prosecuted the act of 1937 clearly
indicates that the actions thus commenced by executors
or administrators are the *same* actions which their de-
cedent might have commenced and prosecuted, and being
the same actions they must, in the absence of legislative
mandate to the contrary, be governed by the same meas-
ure of damages."

To clarify our thought it might be well to review
briefly the various statutes that are directly or col-
laterally in point. The Act for "Limitation of Actions"
of March 27, 1713, P. L. 76, provided for the right of
the injured party to a cause of action for *personal in-
juries,* and limited the time to bring suit to "within two
years next after the cause of such actions or suit, and
not after . . ." The Act of 1851, P. L. 669, Section 18,
provided that the right of action by the injured party
did not abate by reason of death, but the personal rep-
resentatives of the deceased could be substituted as
plaintiff, and prosecute the suit to final judgment. Sec-
tion 19 provided for a cause of action by the widow of
such deceased, or if there was no widow, the personal
representative, to recover damages for the *wrongful
death* occasioned by the tort. No limitation was specified
in either section of the act. The Act of 1855, P. L. 309,
Section 1, amended Section 19 of the Act of 1851 to the
extent that it stipulated the persons entitled to recover
damages for any injury causing death, i. e., husband,
widow, children or parents of the deceased, and no other
relative, and limited the action to "one year after the
death, and not thereafter". This act simply increased
the number of persons permitted a cause of action for
*wrongful death,* naming them, and *deleted the personal
representative.* The Act of June 24, 1895, P. L. 236,

Section 2, reiterates the limitation of an action for *personal injuries* to the injured party, as set forth in the Act of 1713, to "within two years from the time when the injury was done and not thereafter . . ." That section then goes on to say: ". . . in cases where the injury does result in death the limitation of action *shall remain as now established by law.*" (Italics added.) Appellee contends that these words "shall remain as now established by law" place actions such as the one now before us under the one-year limitation provided in the Act of 1855, and is a bar to the present suit. Our understanding of the words, interpreted in the light of all these statutes, leads us to the opposite conclusion. We think the words refer directly to the then "established law", the Act of 1855, and the limitation of one year therein, which applies only to the persons named in the act as authorized to sue. By no stretch of imagination can the provisions of that act be grafted upon the "survival" Act of 1937, supra, which was passed for an entirely different purpose. The Acts of 1851 and 1855, supra, are "death" statutes, not "survival" acts. In speaking of them it was said by this Court in *Kaczorowski v. Kalkosinski*, 321 Pa. 438, 441, 184 A. 663: "But where no action has been commenced by the deceased in his lifetime and an action is brought under the death statute, the recovery is for a loss occasioned to third parties by the death, not for the injuries to the deceased. Pain and suffering and loss of earning power are not recoverable. What is recoverable is the loss of pecuniary benefits which the persons named in the act would have received from the deceased had death not intervened . . . *By the statute there is given an explicit and independent right of action to recover the damages peculiarly suffered by the parties named therein.* . . The legislature has selected certain relationships to the deceased as determining who those parties are, but the damages to be recovered by them must be pecuniary loss to themselves, it

bears no relation to the damages recoverable by a decedent who sues for the injury while living: *Gaydos v. Domabyl,* supra [301 Pa. 523]". At the time of the passage of the Act of 1895, the right of action of the injured party died with him. Only an action commenced during his life could be maintained by his representative, and this fell in the two-year limitation. It follows that with the death, the only action remaining was that of the surviving relatives as provided in the Act of 1855. It is only to those actions that the words "shall remain as now established by law" could apply. The acts have consistently applied the one-year limitation exclusively to those actions where suit is brought by the surviving relatives for wrongful death.

Since a suit by a personal representative under the Act of 1937 is identical to that which decedent might have commenced and prosecuted during his lifetime and, therefore, governed by the same measure of damages, it is but logical to conclude, the legislature, not having provided to the contrary, that the same limitation as to time when suit must be instituted governs, whether the action be brought by the injured person during his lifetime, or by his personal representative under the Act of 1937 after his death; that is, as set forth in the Acts of 1713 and 1895, supra, "within two years from the time when the injury was done."

This suit brought by the Administrator of the Estate of John Edward Paulich, Deceased, was instituted within the period of two years from the time of the accident, and therefore, the learned court below erred in entering judgment for defendant.

Judgment reversed, with a procedendo.