## WELLS v. SIMONDS ABRASIVE CO.

### Civ. No. 10849.

United States District Court
E. D. Pennsylvania.

July 25, 1951.

Chas. J. Biddle, F. Hopkinson, and Drinker, Biddle & Reath, all of Philadelphia, Pa., for plaintiff.

520

Philip Price, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The plaintiff is the widow and administratrix of one, Cheek Wells, who was killed on April 19, 1948, when an emory wheel manufactured by the defendant, with which he was working, burst. The accident and death occurred in Alabama.

This action for damages was commenced in this court by the plaintiff, in her capacity as administratrix, on April 19, 1950, more than one year, but within two years, after the death. The plaintiff's right to sue arises under Title 7, Sec. 123 of the 1940 Code of Alabama which provides that the personal representative may bring an action for injuries causing the death of his decedent within two years after the death. However, the action being a diversity suit, this Court is bound to apply the conflict of laws rule of the State of Pennsylvania and by that rule the limitation of the Alabama statute has no controlling effect (unless, as will be seen, the position of the plaintiff should be sustained). In Rosenzweig v. Heller, 302 Pa. 279, 285, 153 A. 346, 348, the Supreme Court of Pennsylvania held, broadly, that "a statute of limitation of the state of the forum controls the action." The Court said "Statutes of limitation should operate equally upon litigants seeking relief in our courts, upon those invoking remedies here for causes of action originating elsewhere, the same as upon those whose rights arise directly in our commonwealth."

Pennsylvania has two statutes providing for recovery of damages where death results from a wrongful injury—a death statute, the Act of 1855, 12 P.S. § 1601 et seq., with a one year limitation and a survival statute, the Act of 1937, 20 P.S. c. 3, Appendix, § 771 et seq. with a two year limitation—but the only question here is whether the limitation of the Act of 1855 applies, or that of the Alabama statute. The answer depends upon the nature of the cause of action created by the Alabama statute, upon which the plaintiff's suit is grounded. The plaintiff contends that her cause of action is not the same

as that created by the Pennsylvania Act of 1855, that, therefore, the rule of Rosenzweig v. Heller, supra, does not apply and, there being no comparable Pennsylvania statute, the limitation of the Alabama Act must govern.

I can agree with the plaintiff that the Alabama Homicide Act differs widely from the Pennsylvania Act of 1855. The measure of damages is entirely different and the parties who will benefit will be, in many cases, quite different, but the problem cannot be solved by laying the two statutes side by side and checking the various points of similarity or dissimilarity.

In Rosenzweig v. Heller, supra, the Court was dealing with the New Jersey statute, which was a true death statute, and in laying down the rule, the Court was referring to death statutes generally. The Restatement, Conflict of Laws, Sec. 433, which the Court quoted in support of its decision spoke broadly of a "death statute", and it is plain that the Court did not intend that the general policy announced by it should apply only to actions under foreign statutes having all the characteristics of the Pennsylvania Act of 1855.

The only question is whether the Alabama Act is a death statute, and I have no doubt that it is. It is, of course, obviously a punitive statute, at least so far as the defendant is concerned, but in all true death statutes, beginning with Lord Campbell's Act, the imposition upon a wrongdoer of civil liability for causing the death of another was basically a punitive concept. The injury which caused the death of this decedent may have created a right of action in him, but that right the Alabama statute does not pretend to keep alive. It is some wrongful act resulting in death which generates the cause of action. In Parker v. Fies & Sons, 243 Ala. 348, 10 So.2d 13, 15, the Court said "Our Homicide Act is a death statute, a punitive statute to prevent homicides. It creates a new and distinct cause of action, unknown at common law. The cause of action comes into being only upon death from wrongful act * * *. Death resulting from the wrongful act is of the essence of the cause of action; the event giving

rise thereto." The Alabama statute resembles the Pennsylvania survival statute only in the party empowered to bring the suit and in the beneficiaries who share in the recovery, but that is superficial. The essential nature of the right of action created by the Alabama statute would have been exactly the same as it is now had some public official been designated as the party to bring the suit and the amount assessed by the jury gone to the State.

Judgment may be entered for the defendant.