Roberta WELLS, as Administratrix of the Estate of Cheek Wells, Appellant v. SIMONDS ABRASIVE COMPANY.

No. 10549.

United States Court of Appeals, Third Circuit.

Argued Jan. 24, 1952.

Decided Feb. 4, 1952.

Rehearing Denied March 26, 1952.

Charles J. Biddle, Philadelphia, Pa., for appellant.

Philip Price, Philadelphia, Pa. (Robert M. Landis, Philadelphia, Pa., Barnes, Dechert, Price, Myers & Clark, Philadelphia, Pa., on the brief), for appellee.

Before KALODNER and STALEY, Circuit Judges and STEWART, District Judge.

PER CURIAM.

In a thoroughly considered opinion Chief Judge Kirkpatrick discussed the problem presented by this appeal in the light of the Pennsylvania and Alabama decisions.

We find ourselves in complete accord with his reasoning and conclusions. Judgment of the Court below, therefore, will be affirmed upon the opinion of Chief Judge Kirkpatrick, 102 F.Supp. 519.

On Petition for Rehearing

The petition for rehearing is premised on an entirely erroneous conception of Section 2 of the Act of July 2, 1937, P.L. 2755, known as the Survival Act, 20 P.S. c. 3, Appendix, § 772.[1]

According to plaintiff's view " * * * the present remedy for wrongful death stems from the Act of 1937, which gives the major remedy, namely, the right on the part of the deceased's estate to recover all his life was reasonably worth."[2]

The Supreme Court of Pennsylvania has explicitly ruled to the contrary and has held that the Acts of 1851 and 1855, known as the Death Acts[3] alone make recoverable the type of damages described by the plaintiff. Kaczorowski v. Kalkosinski, 1936, 321 Pa. 438, 184 A. 663, 104 A.L.R. 1267; Pezzulli v. D'Ambrosia, 1942, 344 Pa. 643, 26 A.2d 659; Stegner v. Fenton, 1945, 40 A. 2d 473, 351 Pa. 292. In the latter two cases the Court clearly distinguished the nature of actions under the Death Acts of 1851 and 1855 and the Survival Act of 1937 and pointedly stated in Stegner v. Fenton, supra, 351 Pa. at page 295, 40 A.2d at page 475, "By no stretch of imagination can the provisions of that act (the Act of 1855) be grafted upon the 'survival' Act of 1937, supra, which was passed for an entirely different purpose. The Acts of 1851 and 1855, supra, are 'death statutes', not 'survival' acts."

In Pezzulli v. D'Ambrosia, supra, the Supreme Court also stressed the fact, 344 Pa. at page 647, 26 A.2d at page 661, that actions under the Death and Survival Acts "are entirely dissimilar in nature"; under

1. The Act is now incorporated in Sections 601 and 603 of the Fiduciaries Act of 1949, 20 P.S. §§ 320.601, 320.603.

2. Page 22, Brief for Appellant.

3. Act of April 15, 1851, P.L. 669, Sec. 19, as amended by the Act of April 26, 1855, P.L. 309, Sec. 1, 12 P.S. §§ 1601, 1602.

the Death Act the cause of action " * * is for the benefit of certain enumerated relatives of the person killed by another's negligence; the damages recoverable are measured by the pecuniary loss occasioned to *them* through deprivation of the part of the earnings of the deceased which they would have received from him had he lived."; and that the cause of action under the Survival Act "merely continues in his personal representative the right of action which accrued to the deceased at common law because of the tort; the damages recoverable are measured by the pecuniary loss occasioned to *him*, and therefore to *his estate*, by the negligent act which caused his death."

It is crystal clear that the Alabama statute, Code 1940, Tit. 7, § 123, upon which the plaintiff relies as a basis for recovery is a true death statute as was held by the learned District Court Judge and furnishes no basis for an action within the scope of the Survival Act of 1937. What the plaintiff is seeking to do here is precisely what the Supreme Court of Pennsylvania said could not be done.

For the reasons stated the petition for rehearing will be denied.