## QUINN v. SIMONDS ABRASIVE CO.
### No. 10796.

United States Court of Appeals
Third Circuit.

Argued Oct. 14, 1952.

Decided Oct. 21, 1952.

Charles A. Lord, Philadelphia, Pa. (B. Nathaniel Richter, Richter, Lord & Farage, Philadelphia, Pa., on the brief), for appellant.

Philip Price, Philadelphia, Pa. (Robert M. Landis, Philadelphia, Pa., Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

This appeal raises three points. It is an action brought in a federal court in Pennsylvania for an alleged wrongful death in Ohio. The action was brought after one year but before two years had elapsed. The plaintiff claims that because of the construction by the Supreme Court of Pennsylvania of the 1937 Survival Statute, 20 P.S. c. 3 Appendix, § 772, the Pennsylvania decision of Rosenzweig v. Heller, 1931, 302 Pa. 279, 153 A. 346, is not applicable. This point has already been considered by this court and decided against the argument of the plaintiff. Wells v. Simonds Abrasive Co., 3 Cir., 1952, 195 F.2d 814, rehearing denied. We adhere to our former decision.

The second point raised is that Pennsylvania is refusing the full faith and credit required by the Constitution in closing the doors of its courts after one year. We are advised that this point is to be argued in the Supreme Court in Wells v. Simonds Abrasive Co., 73 S.Ct. 57. Until the Supreme Court tells us differently, however, we see no violation of full faith and credit here. The Pennsylvania statute is applicable to all plaintiffs whether they live in Pennsylvania or somewhere else. For a long time it has been thought that a state could control the time in which actions are to be brought locally providing there is no discrimination. That is this case.

Finally, the appellant urges that the case should be sent back to Ohio under

Section 1404(a) of the judicial code. Without being required to go so far as many courts have gone in the application of this section, it is sufficient here to point out (a) that the plaintiff's application for transfer was conditioned upon his losing the motion for summary judgment which his opponent had made; and (b) that while the plaintiff comes from Ohio, the defendant and its factory are located in Pennsylvania. There was no abuse of discretion by the district judge in denying the conditional motion to transfer.

The judgment is affirmed.