## WELLS, ADMINISTRATRIX, *v.* SIMONDS ABRASIVE CO.

No. 394.   Argued January 7, 1953.—Decided May 18, 1953.

*Charles J. Biddle* argued the cause for petitioner.   With him on the brief were *Henry S. Drinker* and *Francis Hopkinson.*

*Philip Price* argued the cause and filed a brief for respondent.

MR. CHIEF JUSTICE VINSON delivered the opinion of the Court.

Cheek Wells was killed in Alabama when a grinding wheel with which he was working burst. The wheel had been manufactured by the respondent, a corporation with its principal place of business in Pennsylvania. The administratrix of the estate of Cheek Wells brought an action for damages in the federal court for the Eastern District of Pennsylvania after one year, but within two years, after the death. Jurisdiction was based upon diversity of citizenship.

The section of the Alabama Code [1] upon which petitioner predicated her action for wrongful death provided that action ". . . must be brought within two years from and after the death . . . ." The respondent moved for summary judgment on the ground the Pennsylvania

---

[1] "A personal representative may maintain an action, and recover such damages as the jury may assess in a court of competent jurisdiction within the State of Alabama, and not elsewhere for the wrongful act, omission, or negligence of any person or persons, or corporation, his or their servants or agents, whereby the death of his testator or intestate was caused, if the testator or intestate could have maintained an action for such wrongful act, omission, or negligence, if it had not caused death. Such action shall not abate by the death of the defendant, but may be revived against his personal representative; and may be maintained, though there has not been prosecution, or conviction, or acquittal of the defendant for the wrongful act, or omission, or negligence; and the damages recovered are not subject to the payment of the debts or liabilities of the testator or intestate, but must be distributed according to the statute of distributions. Such action must be brought within two years from and after the death of the testator or intestate." Ala. Code, 1940, Tit. 7, § 123.

wrongful death statute required suit to be commenced within one year.[2] In an opinion [3] on that motion, the district judge found that the Pennsylvania statute, which was analogous to the Alabama statute, had a one-year limitation. He further found that the Pennsylvania conflict of laws rule called for the application of its own limitation rather than that of the place of the accident. Deeming himself bound by the Pennsylvania conflicts rule, he ordered summary judgment for the respondent. The Court of Appeals for the Third Circuit affirmed.[4]

We granted certiorari [5] limited to the question whether this Pennsylvania conflicts rule violates the Full Faith and Credit Clause [6] of the Federal Constitution.

The states are free to adopt such rules of conflict of laws as they choose, *Kryger* v. *Wilson,* 242 U. S. 171 (1916), subject to the Full Faith and Credit Clause and other constitutional restrictions. The Full Faith and Credit Clause does not compel a state to adopt any particular set of rules of conflict of laws; it merely sets certain minimum requirements which each state must observe when asked to apply the law of a sister state.

Long ago, we held that applying the statute of limitations of the forum to a foreign substantive right did not deny full faith and credit, *McElmoyle* v. *Cohen,* 13 Pet. 312 (1839); *Townsend* v. *Jemison,* 9 How. 407 (1850); *Bacon* v. *Howard,* 20 How. 22 (1857). Recently we referred to ". . . the well-established principle of conflict

---

[2] Purdon's Pa. Stat. Ann., 1931, Tit. 12, § 1603.

[3] 102 F. Supp. 519 (1951).

[4] 195 F. 2d 814 (1952). See also *Quinn* v. *Simonds Abrasive Co.,* 199 F. 2d 416 (1952).

[5] 344 U. S. 815 (1952).

[6] "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U. S. Const., Art. IV, § 1, cl. 1.

of laws that 'If action is barred by the statute of limitations of the forum, no action can be maintained though action is not barred in the state where the cause of action arose.' Restatement, Conflict of Laws § 603 (1934)." *Order of United Commercial Travelers* v. *Wolfe,* 331 U. S. 586, 607 (1947).[7]

The rule that the limitations of the forum apply (which this Court has said meets the requirements of full faith and credit) is the usual conflicts rule of the states.[8] However, there have been divergent views when a foreign statutory right unknown to the common law has a period of limitation included in the section creating the right. The Alabama statute here involved creates such a right and contains a built-in limitation. The view is held in some jurisdictions that such a limitation is so intimately connected with the right that it must be enforced in the forum state along with the substantive right.[9]

We are not concerned with the reasons which have led some states for their own purposes to adopt the foreign limitation, instead of their own, in such a situation. The question here is whether the Full Faith and Credit Clause compels them to do so. Our prevailing rule is that the Full Faith and Credit Clause does not compel the forum state to use the period of limitation of a foreign state.

---

[7] Cf. dissenting opinion by Mr. Justice Black, *Order of United Commercial Travelers* v. *Wolfe,* 331 U. S. 625 (1947).

[8] Restatement, Conflict of Laws, § 603 (1934).

[9] *Cristilly* v. *Warner,* 87 Conn. 461, 88 A. 711 (1913), overruled on another ground, *Daury* v. *Ferraro,* 108 Conn. 386, 143 A. 630 (1928); *Louisville & Nashville R. Co.* v. *Burkhart,* 154 Ky. 92, 157 S. W. 18 (1913) (dictum); *Negaubauer* v. *Great Northern R. Co.,* 92 Minn. 184, 99 N. W. 620 (1904). Contra: *White* v. *Govatos,* 40 Del. 349, 10 A. 2d 524 (1939); *Tieffenbrun* v. *Flannery,* 198 N. C. 397, 151 S. E. 857 (1930); *Rosenzweig* v. *Heller,* 302 Pa. 279, 153 A. 346 (1931). See also Restatement, Conflict of Laws, § 397, Comment b, and § 605 (1934).

We see no reason in the present situation to graft an exception onto it. Differences based upon whether the foreign right was known to the common law or upon the arrangement of the code of the foreign state are too unsubstantial to form the basis for constitutional distinctions under the Full Faith and Credit Clause.

We agree with the respondent that *Engel* v. *Davenport,* 271 U. S. 33 (1926), has no application here. It presented an entirely different problem. Congress had given a statutory cause of action to seamen for certain personal injuries, placing concurrent jurisdiction in the state and federal courts. In *Engel, supra,* the two-year federal limitation rather than the one-year California limitation for similar actions was held controlling in an action brought in the California courts. Once it was decided that the intention of Congress was that the two-year limitation was meant to apply in both federal and state courts under our Federal Constitution, that was the supreme law of the land.[10]

Our decisions in *Hughes* v. *Fetter,* 341 U. S. 609 (1951), and *First National Bank* v. *United Air Lines,* 342 U. S. 396 (1952), do not call for a change in the well-established rule that the forum state is permitted to apply its own period of limitation. The crucial factor in those two cases was that the forum laid an uneven hand on causes of action arising within and without the forum state. Causes of action arising in sister states were dis-

---

[10] "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U. S. Const., Art. VI, cl. 2.

criminated against. Here Pennsylvania applies her one-year limitation to all wrongful death actions wherever they may arise. The judgment is

*Affirmed.*

MR. JUSTICE CLARK, not having heard oral argument, took no part in the consideration or decision of this case.

MR. JUSTICE JACKSON, with whom MR. JUSTICE BLACK and MR. JUSTICE MINTON join, dissenting.

We are unable to accept the results or follow the reasoning of the Court. Petitioner's decedent, a resident of Alabama, was killed in that State by a bursting emery wheel alleged to have been defective. It was manufactured by respondent, a Pennsylvania corporation. Finding it impossible to serve process on the defendant in Alabama, petitioner brought an action in the United States Court for the Eastern District of Pennsylvania. Her action was based on a statute of Alabama which conferred a right of action for wrongfully causing death and required that the action be brought within two years from the death. This she did, but her complaint was dismissed on the ground that, since the federal court was sitting in Pennsylvania, it was bound by the Pennsylvania statute of limitations of one year and, hence, that her action was barred. I believe the United States District Court, though sitting in Pennsylvania, should apply the law of Alabama, both as to liability and as to limitation.

The respondent relies upon the line of cases that began with *Erie R. Co.* v. *Tompkins,* 304 U. S. 64. A careful reading of the *Erie* decision will show that, so far as it applies at all, it is authority for the plaintiff's and not the defendant's position. The *Erie* injury occurred in Pennsylvania, but the action was brought in a United States District Court in New York. Although the trial court

sat in New York, this Court held that it must decide liability by Pennsylvania law, that is, by the law of the state of injury, not that of the forum state, which holding, if applied here, would require that this case be adjudged by the law of Alabama even though it is brought in a federal court sitting in another state. That opinion, by Mr. Justice Brandeis, will be searched in vain for any hint that this result depended on the New York law of conflicts, which is not even paid the respect of mention. *Erie R. Co.* v. *Tompkins* held that there is no federal common law of torts and that federal courts must not improvise one of their own but must follow that state's law *which is applicable to the case.*

That the applicable state law was that of Pennsylvania, instead of that of the forum, was assumed without discussion of the reason because it was pursuant to what is probably the best-settled rule of conflicts in tort cases. It was stated by Mr. Justice Holmes, as follows: ". . . [I]t is established as the law of this court that when a person recovers in one jurisdiction for a tort committed in another he does so on the ground of an obligation incurred at the place of the tort that accompanies the person of the defendant elsewhere, and that is not only the ground but the measure of the maximum recovery." *Western Union Telegraph Co.* v. *Brown,* 234 U. S. 542, 547. See also *Slater* v. *Mexican National R. Co.,* 194 U. S. 120, 126; Cardozo, J. in *Loucks* v. *Standard Oil Co.,* 224 N. Y. 99, 120 N. E. 198. The existence and justice of this principle is recognized by its adoption as the policy of federal law. The Federal Tort Claims Act makes the basic test of the Government's liability whether a private person "would be liable to the claimant . . . in accordance with the law of the place where the act or omission occurred." 60 Stat. 812, 843.

*Klaxon Co.* v. *Stentor Co.,* 313 U. S. 487, also cited by respondent, contains language that would seem to make

all conflict questions depend on the law of the forum. But that was an action on contract in which conflict considerations prevail that are not present in tort cases. It is but *dictum* so far as it touches this statutory tort case.

Most of these decisions are actuated by a laudable but undiscriminating yen for uniformity within the forum state. Thus, "Otherwise, the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side." *Klaxon Co.* v. *Stentor Co., supra,* at 496, citing the *Erie* case; and the Court's opinion here refers to it as a "crucial factor" that "the forum laid an uneven hand on causes of action arising within and without the forum state."

But the essence of the Full Faith and Credit Clause of the Constitution is that uniformities other than just those within the state are to be observed in a federal system. The whole purpose and the only need for requiring full faith and credit to foreign law is that it does differ from that of the forum. But that disparity does not cause the type of evil aimed at in *Erie R. Co.* v. *Tompkins, supra,* namely, that the same event may be judged by two different laws, depending upon whether a state court or a federal forum within that state is available. Application of the Full Faith and Credit Clause prevents this disparity by requiring that the law where the cause of action arose will follow the cause of action in whatever forum it is pursued.

The Court's decision, in contrast with our position, would enable shopping for favorable forums. Suppose this plaintiff might have obtained service of process in several different states—an assumption not extravagant in the case of many national corporations. Under the Court's holding, she could choose from as many varieties of law as of forums. Under our theory, wherever she elected to sue (if she had a choice), she would take Ala-

bama law with her. Suppose even now she can get service in a state with no statute of limitations or a long one; can she thereby revive a cause of action that has expired under Alabama law? The Court's logic would so indicate. The life of her cause of action is then determined by the fortuitous circumstances that enable her to make service of process in a certain state or states.

Another very practical consideration indicates the unworkability of a doctrine for federal courts that the place of trial is the sole factor which determines the law of the case. 28 U. S. C. § 1404 (a) authorizes certain transfers of any civil action from state to state for the convenience of witnesses or of parties, or in the interests of justice. The purpose was to adopt for federal courts the principles of *forum non conveniens*. *Ex parte Collett,* 337 U. S. 55. These are broad and imprecise and involve such considerations as the state of the court's docket. *Gulf Oil Corp.* v. *Gilbert,* 330 U. S. 501. Are we then to understand that parties may get a change of law as a bonus for a change of venue? If the law of the forum in which the case is tried is to be the sole test of substantive law, burden of proof, contributory negligence, measure of damages, limitations, admission of evidence, conflict of laws and other doctrines, see *Guaranty Trust Co.* v. *York,* 326 U. S. 99, at 109, then shopping for a favorable law via the *forum non conveniens* route opens up possibilities of conflict, confusion and injustice greater than anything *Swift* v. *Tyson,* 16 Pet. 1, ever held.

This case is in United States Court, not by grace of Pennsylvania, but by authority of Congress, and what I said in *First National Bank of Chicago* v. *United Air Lines,* 342 U. S. 396, 398, seems to me applicable here. I had supposed, before *Hughes* v. *Fetter,* 341 U. S. 609, that the Commonwealth of Pennsylvania could close its courts to trial of this case. But no one would have questioned, I should think, that if the cause were entertained it must

be tried in accordance with the law of the place of the wrong. Neither *Guaranty Trust Co.* v. *York,* 326 U. S. 99, nor *Ragan* v. *Merchants Transfer & Warehouse Co.,* 337 U. S. 530, indicate to the contrary or have pertinence here, for in both cases the cause of action arose under the laws of the state of the forum and no conflict, or need to resort to foreign law, was present. They were issues between federal improvised law and settled state law.

Whether the principle of full faith and credit and of the law of conflicts will carry a general statute of limitations into the state of the forum along with the right is a more difficult question in the light of our precedents. *McElmoyle* v. *Cohen,* 13 Pet. 312.

Early cases drew sharp distinction between rules of substantive law and rules of procedure. They classified statutes of limitations as procedural and hence excluded from the operation of the Full Faith and Credit Clause. This is not difficult to understand in the atmosphere of those times. Many state legislatures adopted comprehensive statutes of limitations applicable to equitable, common-law, and statutory cases. Following the example of the early Field Code, the law of limitations not infrequently was incorporated into codes of procedure and thus was classified as procedural by the legislatures. In those days, federal courts were required to conform to local rules of procedure, although often independent of local substantive law under *Swift* v. *Tyson, supra.* Today that relationship is completely inverted. Federal procedure is not subservient to state law; substantive law is.

But, in *Guaranty Trust Co.* v. *York, supra,* this Court riddled the distinction between "substantive" and "procedural," on which *McElmoyle* v. *Cohen, supra,* rests. Even as to general statutes of limitations recent decisions have bound the right and the limitation into a single bundle to be taken by the federal court as a whole.

"Since that cause of action is created by local law, the measure of it is to be found only in local law. It carries the same burden and is subject to the same defenses in the federal court as in the state court. . . . It accrues and comes to an end when local law so declares. . . ." *Ragan* v. *Merchants Transfer & Warehouse Co., supra,* at 533. We have also required that under some circumstances a forum must apply a foreign statute of limitations to a contract case. *Order of United Commercial Travelers of America* v. *Wolfe,* 331 U. S. 586.

But whatever may be the argument concerning general statutes of limitations as applied to common-law causes, this Court long ago recognized a distinction as to limitations on the action created by statutes in the pattern of the Lord Campbell Act. This Court early held such an action in federal court to be barred by the limitation contained in the applicable state statute. The reasoning of Mr. Chief Justice Waite is just as valid when it leads to a contrary result. For a unanimous Court, he wrote: ". . . The statutes create a new legal liability, with the right to a suit for its enforcement, provided the suit is brought within twelve months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. . . . Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right. . . ." *The Harrisburg,* 119 U. S. 199, 214.

Subsequently, Mr. Justice Holmes twice wrote for the Court to the same effect. In *Davis* v. *Mills,* 194 U. S. 451, at 454, he said:

". . . But, as the source of the obligation is the foreign law, the defendant, generally speaking, is en-

titled to the benefit of whatever conditions and limitations the foreign law creates. *Slater* v. *Mexican National Railroad,* 194 U. S. 120. It is true that this general proposition is qualified by the fact that the ordinary limitations of actions are treated as laws of procedure and as belonging to the *lex fori,* as affecting the remedy only and not the right. But in cases where it has been possible to escape from that qualification by a reasonable distinction courts have been willing to treat limitations of time as standing like other limitations and cutting down the defendant's liability wherever he is sued. The common case is where a statute creates a new liability and in the same section or in the same act limits the time within which it can be enforced, whether using words of condition or not. . . ."

And in *Atlantic Coast Line R. Co.* v. *Burnette,* 239 U. S. 199, at 201, he wrote:

". . . But irrespective of the fact that the act of Congress is paramount, when a law that is relied on as a source of an obligation in tort, sets a limit to the existence of what it creates, other jurisdictions naturally have been disinclined to press the obligation farther. . . ."

In all three of these cases the benefit of this doctrine that the remedy is inseparable from the right accrued to defendants. But the validity of a doctrine does not depend on whose ox it gores. In *Engel* v. *Davenport,* 271 U. S. 33, 38, this Court employed the same premise as to the unity of the right and the limitation to hold a plaintiff entitled to the longer period prescribed in federal legislation instead of the short statutory period of the forum state, saying of the limitation, "This provision is one of substantive right, setting a limit to the existence

of the obligation which the Act creates. . . . And it necessarily implies that the action may be maintained, as a substantive right, if commenced within the two years."

The Supreme Court of Alabama has held the same doctrine applicable to the very statute in question, saying, "This is not a statute of limitations, but of the essence of the cause of action, to be disclosed by averment and proof." *Parker* v. *Fies & Sons,* 243 Ala. 348, 350, 10 So. 2d 13, 15. The doctrine is well recognized in the literature of the law of conflicts.*

The Court of Appeals for the District of Columbia in a well-considered and documented opinion held that a federal court in the District trying an action brought under the Wrongful Death Act of Nebraska must apply the two-year limitation of the Nebraska Act and not the one-year limitation of the law of the forum. Judge Proctor, admitting "considerable authority" to the contrary, said: "However, there is a line of opposing authority which takes the view that as to rights of action of a purely statutory nature, such as the so-called wrongful death statutes, the time thereby prescribed for filing suit operates as a limitation of the liability itself as created by the statute, and not of the remedy alone. It is deemed to be a condition attached to the right to sue. As such, time has been made of the essence of the right, which is lost if the time is disregarded. The liability and the remedy being created by the same statute, limitation of the remedy must be treated as limitation of the right." *Lewis* v. *Reconstruction Finance Corporation,* 85 U. S. App. D. C. 339, 340, 177 F. 2d 654, 655. Cf. *Young* v.

---

*See Goodrich, Conflict of Laws (3d ed.), § 86, for discussion and citations; Blume and George, Limitations and the Federal Courts, 49 Mich. L. Rev. 937.

*United States,* 87 U. S. App. D. C. 145, 184 F. 2d 587. See also *Wilson* v. *Massengill,* 124 F. 2d 666, cert. denied 316 U. S. 686; *Maki* v. *Cooke Co.,* 124 F. 2d 663, cert. denied 316 U. S. 686.

We think that the better view of the case before us would be that it is Alabama law which giveth and only Alabama law that taketh away.