Richard John STEELE
v.
WIEDEMANN MACHINE COMPANY.
Civ. A. 20851.

United States District Court
E. D. Pennsylvania.
July 3, 1957.

634

ing Company, plaintiff was injured in the course of his employment by the breaking off of a piece of the turret punch which he was operating and which had been manufactured and supplied by defendant. As a result of this injury plaintiff had a workmen's compensation claim against his employer and its workmen's compensation insurance company. A dispute arose as to the extent of the disability arising from the injury, and the claim for workmen's compensation was not settled until November 1, 1955. On December 12, 1955, basing his case on a theory of negligence, plaintiff sued defendant in a Texas court for damages for these personal injuries. That action was removed to a United States District Court in Texas, which quashed the service of process and dismissed the action.

The present action was filed in this court on June 8, 1956. On March 15, 1957, the Texas Employers' Insurance Association, which was the workmen's compensation insurance carrier at the time of the accident on August 21, 1953, filed a petition to intervene in the action in this court. This petition to intervene is unopposed.

One of the defenses set forth in defendant's answer is an assertion that plaintiff's claim is barred by the statute of limitations. Plaintiff has filed a motion to strike this defense. It is this motion which raises the question now before this court.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Thomas E. Comber, Jr., and Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., for defendant.

GRIM, District Judge.

On August 21, 1953, while working at Houston, Texas, for Emsco Manufactur-

■ The period of the statutes of limitations governing actions for personal injuries is two years both in Texas [1] and in Pennsylvania,[2] and if the present case were an ordinary personal injury action both the Texas and the Pennsylvania statutes of limitations clearly would apply.[3] The present action differs, however, from the usual personal

1. Vernon's Ann.Civ.St. (Texas) Art. 5526.

2. Act of June 24, 1895, P.L. 236, Sec. 2, 12 P.S. § 34.

3. The Texas statute would apply because of the Pennsylvania borrowing statute:

"When a cause of action has been fully barred by the laws of the state or country in which it arose, such bar shall be a complete defense to an action brought in any of the courts of this commonwealth." Act of June 26, 1895,

injury action. The Texas Workmen's Compensation Act provides:

" * * * If compensation be claimed under this law by the injured employé or his legal beneficiaries, then the association [the workmen's compensation insurance carrier] shall be subrogated to the rights of the injured employé in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its own name and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employé or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employé or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employé or his beneficiaries and the approval of the board upon a hearing thereof." Vernon's Ann.Civ.St. (Texas), Art. 8307, Sec. 6a.

This cause of action which this statute creates in favor of the workmen's compensation insurance carrier, to reimburse[4] the carrier for what it may be required to pay because of the negligence of a third party, is somewhat different from a cause of action on the part of an employe to recover for personal injuries from a third party.

It has been decided by the Texas courts that the period of limitation against the cause of action which this statute gives to workmen's compensation insurance carriers, does not begin to run until there is a settlement of the workmen's compensation liability or a final adjudication of the claim for workmen's compensation. Fidelity Union Casualty Co. v. Texas Power & Light Co., Tex.Civ.App.1931, 35 S.W.2d 782, writ refused; Buss v. Robinson, Tex.Civ.App. 1952, 255 S.W.2d 339.

There is no Pennsylvania statute of limitations which limits an insurance carrier's right to sue for reimbursement to a period of two years from the date of an accident in which its insured has been involved. It is in this respect that the present case differs from the case of Wells v. Simonds Abrasive Co., supra, note 3, on which defendant strongly relies.

It being clear that the intervening plaintiff (Texas Employers' Insurance Association, the workmen's compensation insurance carrier) has a cause of action which is not barred by a statute of limitations, the motion to strike the defense of the statute of limitations will be allowed as to the intervening plaintiff. Since it cannot be ascertained at the present time whether or not the recovery in the present case will exceed the amount of the workmen's compensation liability it is unnecessary at this time to decide the question of whether the plaintiff personally can recover anything in this action, that is, it is unnecessary at this time to decide whether or not recovery in the present action will be limited to the amount of the workmen's compensation liability "together with a reasonable cost of enforcing such liability."

P.L. 375, Sec. 1, 12 P.S. § 39. The Pennsylvania statute would also apply even though the alleged cause of action arose in Texas. See Wells v. Simonds Abrasive Co., D.C.E.D.Pa.1951, 102 F. Supp. 519, affirmed 3 Cir., 1952, 195 F. 2d 814; 1953, 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211.

4. The Texas statute uses the word "reimburse." The present action of the insurance company, however, is somewhat similar to a suit for what is sometimes described as indemnification. See Restatement of the Law of Restitution, Sec. 77.

The motion to strike the defense of the statute of limitations is allowed as to the cause of action of the intervening plaintiff. Action in reference to the motion to strike the defense of the statute of limitations on the cause of action of the individual plaintiff is deferred until the amount of recovery, if any, in the present action has been ascertained.