June B. SCHENK, Administratrix of the Estate of Elmer L. Schenk, Deceased, et al., Plaintiffs,

v.

PIPER AIRCRAFT CORPORATION, a corporation, Defendant.

Civ. A. No. 71–101.

United States District Court,
W. D. Pennsylvania.

June 27, 1974.

David J. Herrod, Pittsburgh, Pa., Robert L. Summers, Columbus, Ohio, for plaintiffs.

William L. Standish, IV, Johanna O'Loughlin, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

The defendant Piper Aircraft Corporation has moved for Summary Judgment under Fed.R.Civ.P. 56 on the ground that the plaintiffs' claims are barred by the applicable Pennsylvania statute of limitations.

The plaintiffs are Ohio residents, all administratrices of the Estates of Ohio decedents who died when the aircraft in which they were passengers crashed in North Carolina. The defendant is a Pennsylvania corporation with its principal place of business in Pennsylvania and was the manufacturer of the aircraft. The plane was owned by an Ohio corporation and was licensed and registered under Ohio statutes. The flight originated in Ohio and it was the intention of the passengers to return to Ohio at the end of the trip. The aircraft was manufactured in Florida. Liability is asserted against the defendant because of negligence or a defect in the design or manufacture of the aircraft which caused it to malfunction.

The fatal accident occurred in North Carolina on May 16, 1969. Plaintiffs' Complaint in this action was filed January 28, 1971. The Pennsylvania statute of limitations governing actions for wrongful death is one year from the date of death. 12 P.S. § 1603. In both Ohio and North Carolina wrongful death actions must be brought within two years of the death of a decedent. Ohio Rev.Code § 2125.02; N.C.Gen.Stat. § 1–53.

■ Jurisdiction is claimed in this case on the grounds of diversity of citizenship. In diversity cases United States District Courts must apply the conflict of laws rules prevailing in the states in which they sit. Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 [1941]. The defendant argues that the conflict of laws rules of the Pennsylvania courts require the application of the Pennsylvania statute of limitations to this action regardless of the substantive law that controls. No claim is asserted here under Pennsylvania substantive law.

Plaintiffs argue that either the law of North Carolina, the situs of the fatal accident, or the law of Ohio, the state having the most significant contacts with the cause of action, controls the applicable statute of limitations. For this purpose it is immaterial whether Ohio law or North Carolina law would be applied because this action was timely filed un-

der the law of both of those jurisdictions.

■ It appears to be well established by the Pennsylvania courts that where a claim is asserted under the law of another state in the Pennsylvania courts the application of the appropriate Pennsylvania statute of limitations, rather than the statute of limitation of the other state is required. An exception to that rule is provided by the Pennsylvania "Borrowing Statute" 12 P.S. § 39, which provides that where the cause of action has been fully barred by the laws of the state or country in which it arose, such bar shall be a complete defense to an action thereon brought in any of the courts of this Commonwealth. This statute serves to borrow the shorter statute of limitation of any state where the cause of action arose, but it is not applicable to the present case because the Pennsylvania statute of limitation is the shorter here.

The Pennsylvania courts have required the application of the Pennsylvania statute of limitations in this situation. Rosenzweig v. Heller, 302 Pa. 279, 153 A. 346 [1931]; Foley v. Pittsburgh-Des Moines Co., 363 Pa. 1, 68 A. 2d 517 [1949]; this is the rule of Restatement 2d, Conflict of Laws, § 142(1) [1971]. The rule has been held constitutional under the full faith and credit clause of the United States Constitution, Art. IV, § 1. Wells v. Simonds Abrasive Co., 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 [1953]. It was recognized by the Court of Appeals for this circuit in a case arising in a United States District sitting in Pennsylvania. Hartwell v. Piper Aircraft Corporation, 186 F.2d 29 [3d Cir. 1951].

Plaintiffs argue that the landmark case of Griffith v. United Air Lines, Inc., 416 Pa. 1, 203 A.2d 796 [1964], has abrogated this rule. In *Griffith*, the Supreme Court of Pennsylvania adopted the "interest analysis" approach to conflict of laws problems which requires the court of the forum state to analyze the significant contacts between the suit and the states having such contacts in order to determine the state having the most significant contacts and then to apply the substantive law of that state. Despite the possible appearance of a trend in some jurisdictions to disregard a distinction between the choice of law rules governing the substantive law to be applied and the procedural law to be applied we find no indication that the courts of Pennsylvania have abandoned that distinction subsequent to 1964, the year of the *Griffith* decision. This is clearly indicated in a case considered by the Court of Appeals for this circuit subsequent to *Griffith*, Mack Trucks, Inc. v. Bendix-Westinghouse Auto. A. B. Co., 372 F.2d 18 [3rd Cir. 1966]. The court held that Pennsylvania had announced in *Griffith* a common law conflict of laws rule for the choice of law to be applied in deciding the merits of certain issues. It rejected the argument that the forum court should be guided on the question of the applicable statute of limitation by the "significant contacts" rule of the *Griffith* case because of the statutory rule of the Pennsylvania "Borrowing Act". An eloquent dissent by Judge Freedman highlights the majority's decision that the Pennsylvania conflict of laws rules are applicable to determine the statute of limitations because Judge Freedman believed that the court was free to analyze the significant contacts to determine the meaning of the statutory language "the place where the cause of action arose."

There has been no case in the Appellate Courts of Pennsylvania since *Griffith* that has extended the "interest analysis" approach to the Pennsylvania conflict of law rules governing the applicable statute of limitations. It appears that the rule of Rosenzweig v. Heller, cit. supra, is still the controlling law. It is so recognized by United States District Courts sitting in Pennsylvania in cases subsequent to the *Griffith* decision. Gross v. McDonald, 354 F.Supp. 378 [E.D.Pa.1973]; Mata v. Budd Co., 44 F.R.D. 225 [E.D.Pa.1968], as well as the Court of Appeals for this circuit,

Mack Trucks, Inc. v. Bendix-Westinghouse Auto. A.B. Co., supra.

■ While we would agree that the significant contacts of this cause of action with Pennsylvania are minimal, being solely the domicile of the defendant corporation, nevertheless Pennsylvania has a valid public interest in the administration of its judicial system sufficient to support a separate conflict of laws rule on the applicable statute of limitations on actions brought under foreign law.

■ The plaintiffs have moved for a transfer of the within action to the Southern District of Ohio under 28 U.S.C. § 1404(a). We are of the opinion that the transferee court would be obligated to apply the state law that would have been applied had there been no change of venue, under Van Dusen v. Barrack, 376 U.S. 612, 639, 84 S.Ct. 805, 11 L.Ed.2d 945 [1964], and that such a transfer were it otherwise possible would be a useless procedure. The motion to transfer will, therefore, be denied.

■ The plaintiffs urge that they have sufficiently pleaded a claim for breach of warranty to which the Pennsylvania four year statute of limitation is applicable. We know of no right of action of a decedent's dependents for the loss caused by decedent's death except the statutory wrongful death actions. Such action governs any and all claims whether sounding in tort or in contract. Each state with possible significant contacts to the present cause of action has a fixed period of limitation for such wrongful death action. Therefore, we conclude that the Pennsylvania limitation of one year on all wrongful death actions brought in the courts of that state is the controlling statute of limitation for the derivative action for the wrongful death of the decedents' dependents asserted in this action.

■■ Nevertheless the possible causes of action asserted by the plaintiffs in their complaint are not limited to those arising under wrongful death statutes.

There is recognized in Pennsylvania, as well as in many other states, a cause of action which the decedent might have brought for the damages suffered by him arising from the accident had he survived. In Pennsylvania this is known as the Survival Act, 20 P.S. § 320.601. The applicable Pennsylvania statute of limitations for survival actions is 12 P.S. § 34, [see Stegner v. Fenton, 351 Pa. 292, 40 A.2d 473 [1945]] which provides that an action must be brought within two years of the time when the injury was done and not afterward. Thus, while the Pennsylvania law would bar a wrongful death action brought in its courts after one year from the death it does not bar an action under the Survival Act until two years from the date of the injury. See Carney, Admrx. v. Barnett, 278 F.Supp. 572 [E.D.Pa.1967], for an identical situation to that presented in the present case. Also under the Pennsylvania Procedural Rules, 12 P.S.Appendix, Rules of Civil Procedure, Rule 213, a cause of action for the wrongful death of a decedent and the cause of action for his injury which survives his death may be enforced in one action, but if independent actions are commenced they shall be consolidated for trial. The procedural rule further provides that if an action is commenced to enforce one cause of action, the court, on its own motion, or the motion of any party, may stay the action until an action is commenced to enforce the other cause of action and is consolidated therewith or until the commencement of such second action is barred by the applicable statute of limitations. Rule 213(e)(3). We note that the pleading in this case does not separately identify the wrongful death cause of action and the survival act cause of action. The defendant argues that only a wrongful death cause of action is pleaded here so that the entire complaint must be dismissed because of the application of the Pennsylvania statute of limitations. A close examination of the complaint reveals that the plaintiffs have all asserted as a claim of the estate

the funeral bill for each decedent. Under the Pennsylvania Wrongful Death statute the funeral expenses are included in the elements of damages that may be recovered by the plaintiff in a wrongful death action. But this may be a peculiarity of Pennsylvania law and it does not control the cause of action which arises under the law of the state having the most significant contacts with this cause of action. We have determined that the substantive law of Pennsylvania with regard to a wrongful death action or survival action does not control this case. Plaintiffs have alleged that the most significant contacts in this case which controls the substantive law to be applied are either those of North Carolina or Ohio. From the material that has been presented in the briefs and the arguments on this case it would appear most likely that the most significant contacts are those of the State of Ohio. The court has not been sufficiently informed by the parties of the nature of the right of action for a survival act cause of action given by the laws of Ohio. That will remain to be determined in further proceedings in this case. In any event the controlling statute of limitations being applied to any cause of action that it is possible to assert under the pleadings in this case is the Pennsylvania statute of limitations and insofar as the elements of a survival cause of action arising under the law of Ohio are properly pleaded the present action is not barred by a Pennsylvania statute of limitations because it was filed within two years of the date of the injuries which caused the death of decedents.

We cannot agree with the defendant's claim that only a wrongful death action has been pleaded here. We believe that this complaint must be judged by the same standards that the court employs to determine the sufficiency of a complaint which is attacked on the grounds of failure to state a cause of action.

"A complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim."

2A Moore's Federal Practice § 1208, p. 2274; citing Ballou v. General Electric Co., 393 F.2d 398 [1st Cir. 1968]; Mizell v. North Broward Hosp. Dis., 392 F.2d 580 [5th Cir. 1968]; Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 [1957]. Therefore, the Pennsylvania statute of limitations for survival actions allows the plaintiffs to present their claim for any cause of action separate and distinct from the wrongful death action which they possess under the law of Ohio aside from the statutory action for wrongful death. It will be necessary for plaintiffs to amend their complaint in this action to specifically set forth the cause of action and the damages recoverable thereunder which are not barred by the statute of limitations applicable to wrongful death actions in Pennsylvania.