### Temples v. Little

*Robert M. Strickler,* for plaintiffs.
*Patricia A. Butler,* for defendant.

BUCKINGHAM, *J.*, June 11, 1981—This matter is before the court on the motion of defendant for judgment on the pleadings. The facts are simple. The minor plaintiff, a resident of Maryland, was injured in Pennsylvania in an automobile accident when the car in which he was riding as a passenger and which was operated by defendant went out of control and off the highway, striking a utility pole and mail box. At the time plaintiffs' suit was filed by minor plaintiffs' parents in York County, Pa., the Pennsylvania two-year statute of limitations had passed while the longer Maryland statute of limitations had not.

Both sides agree that before the advent of Pennsylvania's No-fault Motor Vehicle Insurance Act, the statute of limitations of the state where the suit was brought governed: Wells v. Simonds Abrasive Co., 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211 (1953).

The issues on which the parties diverge is whether section 110(c)(2) of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.110(c)(2), changes the situation.

Plaintiff contends that section 110(c)(2) changed the prior law so that the statute of limitations of the state of plaintiff's domicile (here Maryland) governs while defendant contends that the prior law has not been changed by section 110(c)(2) and that the statute of limitations of the forum state (here, Pennsylvania) still governs.

40 P.S. §1009.110(c)(2) provides:

"Motor vehicles in interstate travel . . .

"The *right* of a victim or of a survivor of a deceased victim *to sue* in tort shall be determined by the law of the state of domicile of such victim. If a

victim is not domiciled in a state, such right to sue shall be determined by the law of the state in which the accident resulting in injury or damage to property occurs." (Emphasis supplied.)

The basis for defendant's motion is the contention that the Pennsylvania statute of limitations is applicable to this case and bars this suit; that section 110(c)(2) of the Pennsylvania No-fault Act does not affect Pennsylvania's statute of limitations, i.e., it merely specifies that the right of a victim injured while in interstate travel to sue in tort is determined by the statute of the domicile of the victim, i.e., the right to sue does not involve a consideration of the statute of limitations.

Defendant counters that the "right to sue" clearly involves the statute of limitations for if the cause of action is barred by the statute of limitations there is no right to sue.

This is a case of first impression. However, we agree with defendant's position that the Pennsylvania statute of limitations applies, not the Maryland statute of limitations. Section 110(c)(2) deals only with the right to sue in tort. A statute of limitations has nothing to do with a right to bring suit. It has only to do with the extinguishment of that right when the period of limitations has run.

As was said by the Pennsylvania Supreme Court in New York & Penna. Co. v. N.Y. Central R.R. Co., 300 Pa. 242, 150 Atl. 480 (1930), at pp. 245-246: "[T]he time specified in a statute of limitations does not begin to run until there is an existing *right to sue forthwith.*" (Emphasis supplied.)

We conclude that section 110(c)(2) means what it says—that it refers only to the right to sue and has nothing to do with which statute of limitations controls. In reaching this conclusion it really doesn't

matter whether the statute of limitations is a general one as in Philadelphia Electric Company Case, 352 Pa. 457, 43 A. 2d 4 (1945) where the court said at p. 463: "A statute of limitations provides a procedural limitation but does not deal with substantive rights." Or a statute of repose, or as in Echon v. Pennsylvania R.R. Co., 365 Pa. 529, 76 A. 2d 175 (1950) where the court held that the ordinary statute of limitations is a general one and not one which conditions the right of action, or as in Overmiller v. D.E. Horn & Co., 191 Pa. Superior Ct. 562, 159 A. 2d 245 (1960), which involved the one year limitation in the Workmen's Compensation Act, or Schmucker v. Naugle, 426 Pa. 203, 231 A. 2d 121 (1967), where the court, in holding that the two year personal injury statute of limitations began to run against a minor on the date of his injury and not on the date that he reached his majority, stated at p. 205:

" " " 'The defense of the statute of limitations is not a technical defense but substantial and meritorious. . . . Such statutes are not only statutes of repose, but they supply the place of evidence lost or impaired by lapse of time, by raising a presumption which renders proof unnecessary. . . . "Statutes of limitations are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence. While time is constantly destroying the evidence of rights, they supply its place by a presumption which renders proof unnecessary. Mere delay, extending to the limit prescribed, is itself a conclusive bar. The ban and antidote go

together."' United States v. Oregon Lumber Co., 260 U.S. 290, 299-300 (1922)."

In view of what we have said we shall enter an order sustaining defendant's motion for judgment on the pleadings.

## ORDER

And now, June 11, 1981, defendant's motion for judgment on the pleadings is sustained and the prothonotary is directed to enter judgment in favor of defendant and against plaintiffs.

An exception is granted to plaintiffs.